UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————————
                                                    )
RICHARD F. GONZALEZ, and                            )
RACHEL GONZALEZ,                                    )
                                                    )
          Plaintiffs,                               )          Civil Action No. 07-0593 (RBW)
                                                    )
     v.                                             )
                                                    )
DEPARTMENT OF LABOR, and                            )
ELAINE L. CHAO, Secretary of Labor,                 )
                                                    )
          Defendants,                               )
                                                    )
UNITED STATES OF AMERICA,                           )
                                                    )
          Counter-Plaintiff,                        )
     v.                                             )
                                                    )
RACHEL GONZALEZ,                                    )
                                                    )
          Counter-Defendant.                        )
———————————————————————)

## ANSWER AND COUNTERCLAIM

        Defendants, the United States Department of Labor, and Elaine L. Chao, in her capacity

as the Secretary of Labor, by their undersigned counsel, hereby answers the complaint as

follows:

### First Defense

        Plaintiff has failed to state a claim for which relief can be awarded.

### Answers to Specific Allegations

        In response to the allegations in the numbered paragraphs in the complaint, Defendant

answers as follows:

        1.  Admit.

2.  Admit.

3.  This represents Plaintiffs' characterization of their case and no answer is required.

4.  With respect to the first sentence, the Defendants admit.  With respect to the second sentence, the Defendants deny.  With respect to the third sentence, Defendants lack knowledge or information to admit or deny the allegation.  With respect to the remaining sentences, Defendants deny.

5.  This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

6.  This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

7.  This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

8.  With respect to the first two sentences, Defendants admit.  With respect to the third sentence, Defendants admit that Rachel Gonzalez is receiving benefits under the Federal Employees' Compensation Act ("FECA") for temporary total disability.  As to any other allegations in this sentence, Defendants deny.

9.  Defendants admit that the Office of Workers' Compensation Program ("OWCP") accepted her claim for abdominal laceration, pelvic cyst, aggravation of pelvic adhesions, bilateral pulmonary embolism, left kidney infection, intracranial hematoma, emergency aparatomey and prolonged post-traumatic stress disorder.  To the extent that Plaintiffs claim that she suffers from additional conditions, Defendants lack knowledge or information to admit or deny the allegation.

10.  Admit.

11.  With respect to the first sentence, Defendants admit that counsel for Rachel Gonzalez notified the Department of Labor of her lawsuit via written correspondence.  With respect to the second sentence, admit.  With respect to the third and fourth sentences, this is Plaintiffs' characterization of their case and of the law, to which no answer is required.  With respect to the fifth sentence, Defendants deny the allegation and aver there is no requirement under FECA that the United States join in a third party action that is being properly pursued by a FECA beneficiary because the terms of the 5 U.S.C. § 8132 are self executing.

12.  Defendants admit that Plaintiffs kept OWCP informed of the status of their third party action and that OWCP did not participate in the litigation of their third-party claim.  Defendants aver that there is no requirement under FECA that the United States join in a third party action that is being properly pursued by a FECA beneficiary as the terms of the 5 U.S.C. § 8132 are self executing.   With respect to all other allegations, Defendants deny.

13.  To the extent that Plaintiffs' allegations describe their thought process for prosecuting their third-party claim, Defendants lack knowledge or information sufficient to admit or deny the allegations.  With respect to all other allegations, this is Plaintiffs' characterization of their case and of the law, to which no answer is required.

14.  With respect to the first sentence, Defendants admit that it did not participate in the mediation of Plaintiffs third party claims, but Defendants lack knowledge or information sufficient to admit or deny the other allegations in the first sentence.  With respect to all other allegations in this paragraph, they represent Plaintiffs' characterization of their case and of the law, to which no answer is required.

15.  This is Plaintiffs' characterization of their case and of the law, to which no answer is required.  To the extent an answer may be required, deny.

16.  This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

17.  Admit.

18.  Deny.

19.  Admit.

20.  Admit.

21.  To extent that Plaintiffs allege that Defendants have promulgated regulations to effectuate the provisions of 5 U.S.C. § 8132, Defendants admit.

22.  Admit.

23.  Admit.

24.  Admit.

25.  Admit.

26.  Admit.

27.  Defendants admit and aver that the Director of OWCP has delegated this authority in part to the Department of Labor's Office of the Solicitor, 20 C.F.R. § 10.705(b).

28.  Admit.

29.  Defendants admit to the allegations except that the November 20, 2003 letter was from the Office of the Solicitor, Division of Federal Employees' and Energy Workers Compensation (SOL-FEEWC) and it was to Richard and Rachel Gonzalez's attorney J. Michael Hannon.

30.  Defendants admit that Plaintiffs' position was that the $625,000 recovery was solely in satisfaction of Richard Gonzalez's loss of consortium claim and the United States had no right of reimbursement on this recovery.

31.  Defendants admit that on June 8, 2004, SOL-FEEWC notified Richard and Rachel Gonzalez's attorney that SOL-FEEWC was not in agreement that the settlement was solely for Richard Gonzalez's loss of consortium claim, that nothing that had been submitted to date to SOL-FEEWC supported this position, and that under the terms of the settlement agreement Rachel Gonzalez had released her claims and that monies were paid to "plaintiffs."  The letter reiterated prior requests from SOL-FEEWC to submit a statement of recovery.  The letter also noted receipt of itemized court costs and requested that Gonzalez's attorney provide a detailed explanation of these costs referencing OWCP's regulation at 20 C.F.R. § 10.711 and OWCP's procedure manual at (Federal) FECA Procedure Manual Chapter 2-1100 9(h).

32.  Defendants admit that by letter dated October 28, 2004, Rachel Gonzalez through her attorney requested that a formal determination be made regarding the application of 5 U.S.C. § 8132 to the settlement in order to trigger her right to further review.

33.  Defendants admit the allegations except for Plaintiffs' assertion that the allocation of the loss of consortium was arbitrary which is Plaintiffs' characterization of their case and of the law, to which no answer is required.

34.  Admit.

35.  Defendants admit to the allegations except that Plaintiffs' statement that the hearing representatives stated that the settlement recovery was issued to both Richard and Rachel Gonzalez, despite the agreement's allocation of the loss of consortium settlement solely to Richard Gonzalez is Plaintiffs' characterization of their case and of the law, to which no answer is required.  Defendants admit that the hearing representative did find that the settlement recovery was issued to both Richard and Rachel Gonzalez.

36.  Admit.

5

37. Defendants admit to the allegations except that Defendants deny that the Employees Compensation Appeals Board ordered Richard Gonzalez to remit payment of $152,091.16 to the DOL.

38. This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

39. This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

40. This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

41. Defendants incorporate their responses to the referenced paragraphs above.

42. This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

43. This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

44. This is Plaintiffs' characterization of their case and of the law, to which no answer is required. To the extent that Plaintiffs are setting forth the terms of the settlement agreement regarding the allocation of Richard Gonzalez's loss of consortium claim, Defendants deny.

45. With respect to the first sentence, this is Plaintiffs' characterization of their case and of the law, to which no answer is required. With respect to the second sentence, Defendants admit. With respect to the third sentence, this is Plaintiffs' characterization of their case and of the law, to which no answer is required.

46. This is Plaintiffs' characterization of their case and of the law, to which no answer is required. To the extent that Plaintiffs are setting forth the terms of the settlement agreement

6

regarding the allocation of Richard Gonzalez's loss of consortium claim, Defendants deny.

47.  This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

48.  Defendants incorporate their responses to the referenced paragraphs above.

49.  This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

50.  Admit.

51.  This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

52.  This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

53.  This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

54.  This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

55.  Defendants incorporate their responses to the referenced paragraphs above.

56.  Admit.

57. Defendants admit that Richard Gonzalez is not a DOL employee and is not currently a beneficiary under FECA.  Defendants admit that FECA requires FECA beneficiaries who receive recoveries from third parties for their work-related injury are required under § 8132 to reimburse the United States for payments made under FECA.  With respect to all other allegations, this is Plaintiffs' characterization of their case and of the law, to which no answer is required.

58.  Admit.

59.  This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

¶60.  This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

61.  Defendants incorporate their responses to the referenced paragraphs above.

62.  Admit the first sentence.  With respect to the second sentence, admit that D.C. law recognizes a separate cause of action for Richard Gonzalez for loss of consortium, apart from Rachel Gonzalez's negligence claim.

63.  This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

64.  This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

65.  This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

66.  Defendants incorporate their responses to the referenced paragraphs above.

67.  Admit.

68. Defendants deny that the calculation made pursuant 20 C.F.R. § 10.711 is arbitrary and admit to the remainder of the paragraph.

69.  Defendants admit that Rachel Gonzalez has submitted information to SOL-FEEWC regarding the costs associated with her third-party action, but with respect to the remainder of the allegations, this is Plaintiffs' characterization of their case and of the law, to which no answer is required.

70.  This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

71.  Admit.

72.  This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

73.  This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

74.  Defendants incorporate their responses to the referenced paragraphs above.

75.  This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

76.  Admit.

77.  With respect to the first sentence Defendants admit.  With respect to the second sentence, SOL-FEEWC has advised Rachel Gonzalez that the required refund from her third party recovery can be collected from her ongoing FECA payments if it is not paid.  Defendants deny that the refund is unlawful.

78.  This is Plaintiffs' characterization of their case and of the law, to which no answer is required.

The final paragraphs are also Plaintiffs' Prayer for Relief, and Defendant denies that they are entitled to the requested relief or any relief.

All allegations not expressly admitted or denied are denied.

## COUNTERCLAIM

### Parties

1. The Counter-Plaintiff in the Counterclaim is the United States of America.

2. The Counter-Defendant is Rachel Gonzalez.

### Jurisdiction

3. This Counterclaim arises under Federal Employees' Compensation Act, 5 U.S.C. § 8101, *et seq.* ("FECA"), and its indemnification provision in 5 U.S.C. § 8132, and accrued within six years of the filing of this action, so that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1345, and 2415.

### Statutory And Regulatory Background

4. Congress enacted FECA in 1916, to "provide compensation for employees of the United States suffering injuries while in the performance of their duties, and for other purposes." Act of Sept. 7, 1916 (Ch. 458, 39 Stat. 742). FECA established a comprehensive and exclusive system of disability compensation and created the Employees' Compensation Fund within the Treasury of the United States, the fund from which injured federal employees receive compensation and other benefits and expenses under the terms of the Act. 5 U.S.C. § 8147. The Secretary of Labor is charged with administering and deciding all questions arising under FECA, per 5 U.S.C. § 8145, and promulgating the regulations necessary for the administration and enforcement of the Act, 5 U.S.C. § 8149.

5. The Secretary of Labor has delegated this authority to the Director of the Office of Workers' Compensation Programs ("OWCP"), who is responsible for the administration and implementation of FECA. 20 C.F.R. § 10.2.

6. FECA provides that the United States will pay compensation for "disability or death of an employee resulting from personal injury sustained while in the performance of his duty[.]" 5 U.S.C. § 8102(a). FECA defines compensation to include money paid or payable to an employee on account of loss of wages or loss of wage-earning capacity, and to enumerated survivors on account of the employee's death, and includes any other benefits paid from the Employees' Compensation Fund such as compensation for schedule awards for permanent impairment; medical, diagnostic, and treatment services; additional money for services of an attendant or for vocational rehabilitation; and funeral expenses. 5 U.S.C. § 8101(12).

7. In addition to providing compensation for injured workers, FECA contains several provisions which shift the burden of compensation from the United States to a third party who is independently liable for the federal employee's injury. Under 5 U.S.C. § 8131, the Secretary of Labor may require a FECA beneficiary to:

> (1) assign to the United States any right of action he may have to enforce the liability or any right he may have to share in money or other property received in satisfaction of that liability; or
>
> (2) prosecute the action in his own name.

5 U.S.C. § 8131.

8. Section 8132 of FECA provides that any FECA beneficiary who obtains money or other property by means of a settlement or judgment from a third party must repay to the United States an amount based upon benefits he or she has received, in accordance with the statutory formula set forth in that section. Regardless of the amount of the benefits he or she has received, each FECA beneficiary is, however, entitled to retain, at a minimum, one fifth of the net recovery, after deducting reasonable attorney's fees and costs of the litigation, plus the

11

proportion of the refund which represents reasonable attorney's fees proportionate to the refund due to the United States.

9.    Pursuant to its interpretation of FECA and the regulations promulgated thereunder, the Secretary requires a FECA beneficiary, or his or her attorney or legal representative, to file a Form EN-1108 Long Form Statement of Recovery as soon as funds from a third-party recovery are received.  The FECA beneficiary (or legal representative) must report to the Department of Labor the gross third-party recovery received, and any proposed reductions in the amount to be refunded to the United States (through OWCP).  20 C.F.R. §§ 10.710 & 10.711.

10.    Section 10.711 of the regulation sets forth the formula to be used for calculating the refund, and that formula starts with the gross recovery and subtracts attorney fees, court costs, loss of consortium, wrongful death and property loss are subtracted, and from this subtotal the statutory 20 percent deduction is taken.  This new subtotal is compared with the total amount of disbursements paid to the beneficiary under FECA; the smaller amount is multiplied by the certain percentage permitted for reasonable attorney fees and that figure is subtracted from the last subtotal, which then results in the amount to be refunded to the United States.

11.    In circumstances where the gross recovery is for more than one individual, such as a husband and wife, the regulations provide that the gross recovery to be reported is the amount allocated to the injured employee.  20 C.F.R. § 10.712.  OWCP will accept the percentages specified by a judge or jury.  Id.  In the absence of a judge or jury-determined allocation, OWCP or the Office of the Solicitor ("SOL") determines the appropriate amount of FECA beneficiary's gross recovery which the FECA beneficiary can accept, provided that the beneficiary may demonstrate good cause for a different allocation.  Id.  SOL or OWCP has the discretion to accept a specific allocation.  Id.  OWCP procedure manual provides that for loss of consortium

where no percentage has been specified by a judge or jury, OWCP will approve an allocation of 25% or less.  See Federal (FECA) Procedure Manual, Chapter 2-1100.9(b)(1) (September 2003).

12.    FECA provides that "no court, insurer, attorney, or other party shall pay or distribute to the beneficiary or his designee the proceeds of such suit or settlement without first satisfying or assuring satisfaction of the interest of the United States."  5 U.S.C. § 8132.

### Facts

13.  On June 11, 1997, Rachel Gonzalez, a federal employee was injured while in the performance of her federal duties as an executive secretary with United States Department of State for which injury compensation is payable under FECA.

14.  Rachel Gonzalez filed a claim for FECA benefits with OWCP as a result of the work-related injury.  OWCP accepted her claim, and has subsequently paid FECA benefits to Rachel Gonzalez, for entitlement in her own right in the amount of $292,310.24.

15.  Rachel Gonzalez retained J. Michael Hannon of the then law firm of Thompson, O'Donnel, Markham, Norton, & Hannon to prosecute a civil action for damages against a party or parties believed to be liable for the injury for which her FECA coverage was granted.

16.  The civil action brought on behalf of Rachel Gonzalez was resolved by settlement against certain of the named defendants in that action in the amount of $625,000.  The $625,000 payment in settlement of the suit was made by check for that amount, payable to the escrow account of Thompson, O'Donnell, Markham, Norton and Hannon.

17.  Rachel Gonzalez through her counsel Mr. Hannon as a partner in the law firm of Thompson, O'Donnell, Markham, Norton and Hannon took the position that the settlement proceeds only satisfied her husband's, Richard Gonzalez, loss of consortium claim.

18.   Rachel Gonzalez requested OWCP to make a formal determination regarding the allocation of the proceeds of her settlement.  By decision dated February 10, 2005, OWCP found that the $625,000 recovery was jointly received by Rachel and Richard Gonzalez; that the proper allocation for Richard Gonzalez's loss of consortium was $156,250, which represented 25 percent of the total recovery; that Rachel Gonzalez had not established "good cause" under 20 C.F.R. § 10.712(b) to justify a greater allocation for Richard Gonzalez's loss of consortium; and that a refund to the United States was due in the amount of $152,091.16 pursuant to the statutory formula and OWCP procedures.

19.   The calculation of the refund was made in accordance with the formula set forth at 20 C.F.R. §§ 10.711 & 10.712 and in accordance with OWCP procedures and was done as follows:  from Rachel Gonzalez's gross third-party recovery of $625,000 OWCP subtracted 25 percent for loss of consortium in the amount of $156,250 which resulted in a balance of $468,750, attorney fees of 33.3 percent of the balance which was $156,093.75 was subtracted and the balance was $312,656.25, from this balance court costs of $26,727.84 were subtracted which resulted in a balance of $285,028.41, from this net balance the 20 percent statutory deduction was applied which was $57,005.68 and the balance was $228,022.73.  The last part of the calculation is the government's contribution towards attorney fees.  This is calculated by taking the lesser of the total amount of disbursements or the balance after the 20 percent deduction and multiplying it by the attorney fee percentage. In their case Rachel Gonzalez had received more than $239,000 in disbursements therefore the balance of $228,022.73 was the lessor which was multiplied by the attorney fee percentage of 33.3 percent and resulted in the amount of $75,931.57 as the government's contribution toward her attorney fees.  This figure is subtracted from $228,022.73 which results in the final reimbursement amount of $152,091.16.

14

20. Rachel Gonzalez requested a hearing, which was held before an OWCP hearing representative on July 18, 2005. On September 9, 2005, the hearing representative affirmed the February 10, 2005 decision.

21. Rachel Gonzalez filed an appeal with the Employees' Compensation Appeals Board ("ECAB"), and requested oral argument before the Board, which was held on September 6, 2006. By decision dated December 13, 2006, the ECAB affirmed OWCP's determination that the recovery was a joint recovery and that she failed to meet her burden of proof to establish an allocation for loss of consortium in excess of the 25 percent allowed by OWCP and affirmed OWCP's September 9, 2005 decision.

22. SOL-FEEWC requested refunds in the total amount of $152,091.16 from Rachel Gonzalez, but she has failed to repay the requested amount. J. Michael Hannon advised DOL that he has placed $140,000 in his firm's escrow account for purposes of securing funds if necessary to reimburse the government, and he continues to hold these funds in escrow.

### Count I

23. By reason of the foregoing, Counter-Defendant Rachel Gonzalez is liable to the United States of America for the total sum of $152,091.16, plus interest.

### Count II

24. By reason of the foregoing, Counter-Defendant's obligation to repay the $152,091.16, per the indemnification requirement in 5 U.S.C. § 8132, is a "debt" owing to the United States within the meaning of 28 U.S.C. §3002(3).

**Prayer For Relief**

WHEREFORE, Counter-Plaintiff respectfully prays for the following relief:

      (a) judgment against Counter-Defendant Rachel Gonzalez, in the amount of $152,091.16, plus pre- and post-judgment interest;

      (b) judgment against Counter-Defendant Rachel Gonzalez for an additional $15,209.11, representing the ten percent surcharge payable pursuant to the Federal Debt Collection Procedure Act, 28 U.S.C. § 3011(a); and

      (c) any other relief, including interest and attorney's fees, which the Court may deem necessary and appropriate.

June 8, 2007                    Respectfully submitted,

                                  JEFFREY A. TAYLOR, D.C. Bar # 498610
                                  United States Attorney

                                    /s/
                                  RUDOLPH CONTRERAS, D.C. Bar # 434122
                                  Assistant United States Attorney

                                    /s/
                                  ALAN BURCH, D.C. Bar # 470655
                                  Assistant United States Attorney
                                  555 4th St., N.W.
                                  Washington, D.C. 20530
                                  (202) 514-7204
                                  alan.burch@usdoj.gov

16