UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD F. GONZALEZ, and | ) | |
| RACHEL GONZALEZ, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No.: 07-0593 (RBW) |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF LABOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF RACHEL GONZALEZ TO THE COUNTERCLAIM**

Plaintiff Rachel Gonzalez, through her attorneys HANNON LAW GROUP, LLP, hereby answers the counterclaim filed against her by the United States of America as follows:

**First Defense**

The Counterclaim fails to state a claim for which relief may be granted.

**Second Defense**

Ms. Gonzalez denies generally the Department of Labor's ("DOL") alleged authority to promulgate overbroad policies in administration of FECA. 5 U.S.C. § 8149.

**Third Defense**

Ms. Gonzalez denies generally the DOL's alleged authority to establish arbitrary formulas in administration of FECA. 20 C.F.R. § 10.712; *see also* Federal (FECA) Procedural Manual, Chapter 2-1100.9(b)(1) (September 2003).

**Fourth Defense**

Ms. Gonzalez incorporates the allegations of her Complaint as if fully set forth herein.

**Fifth Defense**

In response to the allegations in the numbered paragraphs in the Counterclaim, Rachel Gonzalez answers as follows:

1. Admit.

2. Admit.

3. As this paragraph alleges jurisdiction, a response is not required at this time.

4. Ms. Gonzalez admits that Congress enacted FECA in 1916. With respect to all other allegations in this paragraph, they represent Counter-Plaintiff's characterization of their case and of the law, to which no answer is required.

5. This is Counter-Plaintiff's characterization of their case and of the law, to which no answer is required.

6. Ms. Gonzalez admits that FECA provides that the United States will pay compensation for "disability or death of an employee resulting from personal injury sustained while in the performance of his duty[.]" 5 U.S.C. § 8102(a). With respect to all other allegations in this paragraph, this is Counter-Plaintiff's characterization of their case and of the law, to which no answer is required.

7. To the extent that Counter-Plaintiff's allegations describe FECA's fee shifting provisions, admit. Ms. Gonzalez denies that the United States took any action to either assign her rights or to require her to prosecute the underlying action. Counsel for

Defendant DOL authorized Ms. Gonzalez and her husband to do what they thought was in their best interest in the prosecution and settlement of the underlying case.

8.  With respect to the first sentence, this is Counter-Plaintiff's characterization of their case and the law, to which no answer is required. With respect to the second sentence, admit in that it is an accurate recitation of 5 U.S.C. § 8132. As to any other allegations in this sentence, Ms. Gonzalez denies she received any benefits from the underlying action.

9.  This is Counter-Plaintiff's characterization of their case and the law, to which no answer is required. As to any other allegations in this sentence, Ms. Gonzalez denies them and denies that she received any recovery from the underlying action..

10. Ms. Gonzalez admits that 20 C.F.R. § 10.711 sets forth a formula by which the DOL would determine an amount owed. Ms. Gonzalez denies that the DOL has any authority to promulgate these regulations.

11. With respect to the first sentence, this is Counter-Plaintiff's characterization of their case and the law, to which no answer is required. Ms. Gonzalez denies that the DOL has any authority to promulgate these regulations or that they apply to her.

12. Admitted. Ms. Gonzalez denies that she settled any lawsuit and denies that she has any obligation to satisfy any "interest of the United States."

13. Admit.

14. Admit, except as to the total amount for which Ms. Gonzalez has insufficient information to either admit or deny the amount.

15. Admit that Ms. Gonzalez and her husband Richard Gonzalez retained J. Michael Hannon.

16. Deny and aver that Richard and Rachel Gonzalez filed a third party lawsuit as a result of injuries that occurred to Rachel Gonzalez when she was employed as a receptionist at the United States Embassy in Mexico City. Ms. Gonzalez further avers that the DOL does not have the authority to determine that Richard Gonzalez's settlement was "received by" both Richard and Rachel Gonzalez. Richard Gonzalez's claim for Loss of Consortium was settled in full by payment to him of $625,000, less attorney's fees and costs of the litigation. Ms. Gonzalez claim was eventually dismissed by the Superior Court, and the dismissal was affirmed by the District of Columbia Court of Appeals. Ms. Gonzalez realized no recovery.

17. Denied that J. Michael Hannon "took the position" as described. It is a fact that there was no settlement of Ms. Gonzalez claim.

18. The decision of the OWCP speaks for itself, and not response is required. Rachel Gonzalez requested a formal determination on October 29, 2004 in order to trigger her right to further review. Ms. Gonzalez denies that she owes anything to DOL.

19. Ms. Gonzalez is without sufficient information to know how such calculations were made, and avers that DOL has no authority to enact the formula as stated. Ms. Gonzalez denies that the reimbursement amount alleged by DOL is $152,091.16.

20. Admit that a hearing was requested. The decision speaks for itself.

21. With respect to the first sentence, admit and aver that both Richard and Rachel Gonzalez filed a timely appeal with the DOL Employee's Compensation Appeals

Board ("ECAB") on December 6, 2005.  With respect to the remaining allegations in the paragraph, they represent Counter-Plaintiff's characterization of their case and the law, to which no answer is required.  The decision speaks for itself.

  22. To the extent that Counter-Plaintiff's allegations in the first sentence describe the DOL's calculations of the refund alleged required of Ms. Gonzalez, admit and aver that merely because the DOL has determined that Richard Gonzalez's Loss of Consortium claim was "jointly received" does not entitle it to limit his claim to $156,250.00, which represents 25 percent of Mr. Gonzalez's total recovery.  FECA does not create this authority, nor does FECA entitle DOL to limit the expenses due to counsel for pursuing the third-party lawsuit.  To the extent the second sentence characterizes the status of $140,000 of Richard Gonzalez's settlement funds, admit.  Ms. Gonzalez denies any implication these funds are owed to the government.  Attorneys for DOL agreed to the procedure of escrowing the total amount in controversy while the constitutional issues raised by Plaintiffs are litigated.

  23. Denied.

  24. Denied.

WHEREFORE, having fully answered the counterclaim filed against her, Ms. Gonzalez requests that the Counterclaim be dismissed with costs and attorneys' fees of this action assessed against the United States. Ms. Gonzalez expressly denies that she is liable for any of the relief sought.

Respectfully submitted,

HANNON LAW GROUP, LLP


   /s/ J. Michael Hannon
J. Michael Hannon, #352526
1901 18th Street, NW
Washington, DC 20009
(202) 232-1907
Fax: (202) 232-3704

*Counsel for Plaintiffs Richard and Rachel Gonzalez*


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Answer of Rachel Gonzalez to the Counterclaim was sent via electronic filing this 27th day of June, 2007 to:

Alan Burch, Esq.
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530


   /s/ J. Michael Hannon
J. Michael Hannon

6