UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD F. GONZALEZ, and <br> RACHEL GONZALEZ, <br> <br>     Plaintiffs, <br> <br>     v. <br> <br> DEPARTMENT OF LABOR, and <br> ELAINE L. CHAO, Secretary of Labor, <br> <br>     Defendants, <br> <br> UNITED STATES OF AMERICA, <br> <br>     Counter-Plaintiff, <br> <br>     v. <br> <br> RACHEL GONZALEZ, <br> <br>     Counter-Defendant. | Civil Action No.: 07-0593 (RBW) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**<u>MOTION FOR SUMMARY JUDGMENT</u>**

    The United States has a right to be reimbursed by Plaintiff, Rachel Gonzalez, in the amount of $152,091.16, because Rachel Gonzalez obtained a $625,000 judgment in her third-party liability case. Section 8132 of the FECA, 5 U.S.C. § 8132, provides that any FECA beneficiary who obtains money or other property by means of a settlement or judgment from a third party must repay to the United States an amount based upon benefits received, in accordance with the statutory formula set forth in that section. Plaintiffs' response to the demand for reimbursement is that she is not obligated to repay the United States because she did not receive any money from the third-party settlement. Throughout the course of the proceedings

1

before OWCP she has relied on the Settlement Agreement to support her assertions that only her husband, Richard Gonzalez, obtained a recovery in the third-party suit, and that she received no money from the settlement. The Settlement Agreement, however, proves on its face that the settlement with the third parties was a joint settlement for Rachel and Richard Gonzalez' claims. The fact that Plaintiffs inserted a paragraph at the end of the settlement agreement stating that she agreed to give her share of the proceeds to her husband, Richard Gonzalez, does not alter the nature of this agreement.

1. In Plaintiffs' memorandum supporting their summary judgment motion herein, every argument is dependent upon a finding that Rachel Gonzalez received no money from the third-parties. Remarkably, even though each and every argument is dependent on this finding, there is no discussion of the settlement agreement in their memorandum. Examination of the settlement agreement demonstrates plainly that it was a joint settlement in which Rachel Gonzalez shared receipt of money from the third party defendants. As set forth in detail in the United States' summary judgment motion and reiterated here, the Settlement Agreement expressly states, without ambiguity, that the money was paid jointly to her and her husband; the Gonzalezes were treated as one bargaining unit in the settlement agreement, represented by the same counsel; the release included all claims for both plaintiffs; and Plaintiffs' counsel in the administrative process called the release of claims by Rachel Gonzalez as the "*sine qua non*" of the payment.

Plaintiffs' only support for their assertion that the agreement is not a joint settlement is to cite to Paragraph 13 of that agreement which states:

> Defendants understand that Plaintiffs **as between themselves and in consultation with their attorneys have allocated the consideration paid under this Agreement to Richard Gonzalez** whose claims will be dismissed in their entirety with prejudice. Rachel Gonzalez shall continue to prosecute her claim for damages

>only against IDESA for post-sale claims. This decision is entirely the
>responsibility of Plaintiffs and their attorneys and shall not otherwise affect their
>promises contained herein.

(Emphasis added.) Paragraph 13 is straightforward. The agreement described in paragraph 13 purports to be between Rachel Gonzalez and Richard Gonzalez exclusively. Pursuant to paragraph 13, Rachel Gonzalez and Richard Gonzalez, acting together, determined that the money "paid" would be "allocated" to Richard Gonzalez. "This decision is entirely the responsibility of Plaintiffs and their attorneys and shall not otherwise affect their promises contained herein." Id. Plaintiffs' private agreement to allocate all of the money to Richard Gonzalez for his loss of consortium is not a "term" of the settlement agreement that is binding on anyone, and certainly not on the government now.

  2. Plaintiffs argue throughout their opposition that the FECA and its regulations are unconstitutional as applied to Richard Gonzalez because he alone received the $625,000 in satisfaction of only his consortium claim for his wife's injuries. The entire argument collapses, however, because it was never only Richard's money – it was a joint settlement payable to both Rachel and Richard Gonzalez. (Not surprisingly, the situation of a joint settlement is common enough that the agency has policies in place to determine how to allocate such joint proceeds in these situations, discussed below.) In any event, the premise of Plaintiffs' constitutional argument is demonstrably incorrect, rendering the constitutional argument baseless.

  3. Plaintiffs also suggest that OWCP and the Solicitor's Office could have intervened in the third-party suit and were invited to do so. However, the FECA does not provide for or require intervention. "It is specifically provided in [the Act] that the employee shall assign his right of action to the United States or the Government shall require the beneficiary to prosecute the action in his own name. There is no provision for intervention by

3

the United States in a third party proceeding." *United States v. Hayes*, 254 F. Supp. 849, 851 (W.D. Ky. 1966). Moreover, it is clear that § 8131 of the FECA, 5 U.S.C. § 8131, places the onus of prosecuting a third party action on the FECA beneficiary and gives the Secretary the option to step in if the beneficiary is not diligent in prosecuting the third party action and allows the imposition of sanctions including the forfeiture, termination, and suspension of benefits if the beneficiary does not comply with his or her obligations under § 8131.

    4.    Plaintiffs further allege that the United States has no authority to determine that a settlement amount was jointly received, that DOL had no authority to create an arbitrary limit of 25% for loss of consortium, that DOL cannot limit the expenses of counsel and that DOL cannot preempt state law. It is clear the Secretary, acting through OWCP, has the authority to establish procedures for administering provisions of § 8132. FECA sections 8145 and 8149 gives the Secretary the discretionary authority to administer and decide all questions arising under FECA, and promulgating the regulations necessary for the administration and enforcement of the FECA. 5 U.S.C. §§ 8145 & 8149. In fact, the Ninth Circuit has recognized that the Secretary's discretion is "virtually limitless" in making choices relevant to the administration of FECA. Staacke v. Sec'y of Labor, 841 F.2d 278, 282 (9th Cir. 1988). The Secretary through OWCP has exercised this authority with respect to § 8132 by issuing regulations that set forth the manner in which the reimbursement will be calculated and the treatment of joint settlements and loss of consortium claims. See 5 U.S.C. §§ 10.711 & 10.712. These regulations set forth the specific formula to be used for calculating the right of reimbursement and provide how the gross recovery will be allocated for joint settlements with the DOL accepting allocation amounts by judges and juries in contested cases but in cases where such an allocation has not been made the determination is left to OWCP or the Office of the Solicitor.

The Gonzalezes' contention that 20 C.F.R. § 10.712(a) is *ultra vires* because it is not authorized by the terms of 5 U.S.C. § 8132 is without merit. The regulations implementing § 8132 are reasonable and consistent with the terms of 5 U.S.C. § 8132, and properly promulgated through notice and comment rulemaking (Proposed Rule at 62 F.R. 67119 (December 23, 1997); Final Rule at 63 F.R. 65284 (November 25, 1998). They are entitled to a presumption of validity, and the agency's interpretation of the statute is entitled to deference under Chevron. See United States v. Mead Corp, 533 U.S. 218 (2001) (agencies with rulemaking or adjudication authority entitled to Chevron deference, citing Chevron USA Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-45 (1984)); see also Smiley v. Citibank, N.A., 517 U.S. 735, at 740 (1996).

     5.     With respect to the calculation of the right of reimbursement by DOL, it is clear that DOL properly applied its regulations and procedures to the joint settlement in this case. The DOL calculated the right of reimbursement in accordance with the regulatory formula and since there was no judge or jury determination (after a contested verdict) regarding the allocation of the recovery, made a determination in accordance with its established procedures for the allocation of the loss of consortium claim and the amount of legal expenses. Ms. Gonzalez was provided an opportunity to demonstrate good cause for a different allocation for the loss of consortium and as found in all three levels of administrative review she failed to do so. Counsel also had an opportunity to address the amount of allowable legal expenses to be used in calculating the refund for this case.

     6.     As to Plaintiffs' contention that DOL has preempted state law and has failed to understand the District of Columbia's position on loss of consortium, Plaintiffs misunderstand

the context of the reimbursement scheme in § 8132.[1]  DOL has neither limited nor attempted to limit Richard Gonzalez's loss of consortium claim.  Rather, for the sole purpose of determining the amount owed by Rachel Gonzalez as the result of her third party settlement pursuant to § 8132, the DOL has allocated a certain portion of that recovery to the loss of consortium claim.  In addition, DOL has established procedures for making such an allocation as well as provided procedures for claimants to seek a different allocation.

     Plaintiffs have not offered any substantive argument that DOL did not properly follow its regulations and procedures.  Allowing a FECA beneficiary the opportunity to dictate the allocation of a settlement would in essence mean that every time a federal employee (who is married or has dependent children) sustains an injury in the performance of duty, the employee could simply and unilaterally cut out the United States from any recovery from responsible third parties.  This runs directly counter to the reach of Section 8132 as interpreted by the Supreme Court in United States v. Lorenzetti, 467 U.S. 167 (1984).  In Lorenzetti, the Supreme Court held that, notwithstanding the fact that the employee's recovery from the responsible third party was limited to pain and suffering (not compensable under the FECA), Section 8132 "entitles the United States to be reimbursed for FECA compensation out of any damages award or settlement made in satisfaction of third-party liability for personal injury or death, regardless of whether the award or settlement is for losses other than medical expenses and lost wages." 467 U.S. at 179.  Of course if a judge or jury specifies the percentage of a contested verdict attributable to each of

---

[1] The United States acknowledges that under D.C. law the tort of loss of consortium is a distinct cause of action for certain purposes.  See Massengale v. Pitts 737 A.2d 1029, 1032-33 (D.C.1999).  Cf. Def. Mem. In Support Mot. Sum. J. at 13.  This nuance in the D.C. law, however, does not change the proper analysis of Plaintiff's claims in this case, in light of the scope of the Settlement Agreement Plaintiffs executed and the releases therein.

several plaintiffs, DOL would be obligated to accept that division, see Federal (FECA) Procedure Manual, Chapter 2-1100(9)b, but that is simply not the case here.

Plaintiffs' arguments here are no more valid than they were when presented to the agency, and Defendants respectfully submit that Plaintiffs cannot succeed on summary judgment, and instead, Defendants are entitled to judgment as a matter of law.

March 5, 2008                                Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

  /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

  /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD F. GONZALEZ, and <br> RACHEL GONZALEZ, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF LABOR, and <br> ELAINE L. CHAO, Secretary of Labor, <br><br> Defendants, <br><br> UNITED STATES OF AMERICA, <br><br> Counter-Plaintiff, <br><br> v. <br><br> RACHEL GONZALEZ, <br><br> Counter-Defendant. | Civil Action No.: 07-0593 (RBW) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

Defendants do not dispute the factual allegations paragraphs 1-5, 7-10, 12, 14-26, but note that none of the facts alleged therein are material in that a dispute of fact described in any of those paragraphs would not necessitate a trial.

6.    Defendants dispute the implication that the United States would be made whole for all FECA payments to the beneficiary, see 5 U.S.C. § 8132, but note that this dispute is not material.

11.    Defendants dispute that they did not respond, see Def. Ex. R (referring to meeting with DOL days after Plaintiffs' March 4, 2003 notice to DOL), but note that this dispute is not

1

material and that the characterization of the right conferred by section 8131 is a legal conclusion, not a statement of fact.

13. Defendants dispute that only Richard Gonzalez received the funds from the Settlement, and refer the Court to the evidence cited in Defendants' Statement of Material Facts paragraph 6. The meaning of the Settlement Agreement is not an issue of fact but a legal question for the Court.

27. Defendants dispute that only Richard Gonzalez received the funds from the Settlement, and refer the Court to the evidence cited in Defendants' Statement of Material Facts paragraph 6. The meaning of the Settlement Agreement is not an issue of fact but a legal question for the Court.

Defendants submit that there are no genuine disputes of material fact.

March 5, 2008                               Respectfully submitted,

                                            JEFFREY A. TAYLOR, D.C. Bar # 498610
                                            United States Attorney

                                             /s/
                                            RUDOLPH CONTRERAS, D.C. Bar # 434122
                                            Assistant United States Attorney

                                             /s/
                                            ALAN BURCH, D.C. Bar # 470655
                                            Assistant United States Attorney
                                            555 4th St., N.W.
                                            Washington, D.C. 20530
                                            (202) 514-7204, alan.burch@usdoj.gov