UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD F. GONZALEZ, and<br>RACHEL GONZALEZ, | )<br>)<br>) |
|     Plaintiffs/Counter-Defendants, | )    Civil Action No.: 07-0593 (RBW) |
|     v. | )<br>)<br>) |
| DEPARTMENT OF LABOR, and<br>ELAINE L. CHAO, Secretary of Labor | )<br>)<br>) |
|     Defendants/Counter-Plaintiffs. | ) |

### REPLY IN RESPONSE TO DEFENDANTS' OPPOSITION
### TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

Plaintiffs Richard and Rachel Gonzalez, by and through their attorneys HANNON LAW GROUP, LLP, respectfully submit their Reply Memorandum in support of their original Motion for Partial Summary Judgment.

### INTRODUCTION

Plaintiffs Richard and Rachel Gonzalez filed a Motion for Summary Judgment and an Opposition to Defendants' Motion for Summary Judgment. Defendants have also filed a Motion for Summary Judgment as well as an Opposition to Plaintiffs' Motion for Summary Judgment. Plaintiffs supplement their initial Motion for Summary Judgment with this Reply.

### FACTUAL BACKGROUND

Rachel and Richard Gonzalez have filed this suit for Declaratory and Injunctive Relief against the Secretary of Labor and the Department of Labor (collectively "DOL") for actions taken by DOL in connection with an injury that occurred to Rachel Gonzalez while working as the Receptionist to the United States Ambassador to Mexico. Rachel and her husband Richard

1

filed a lawsuit in the Superior Court of the District of Columbia as a result of her work related injury and Richard's loss of consortium.  Richard received $625,000 in settlement of his claim for loss of consortium while the case was in the trial court.  Rachel continued to pursue her claim for personal injury, which concluded when she lost an appeal to the District of Columbia Court of Appeals.  *See Gonzalez v. Internacional de Elevadores*, 891 A.2d 227 (D.C. 2006).

DOL demanded that Richard reimburse it from his $625,000 settlement for money paid to Rachel under the Federal Employees Compensation Act [FECA].  In the alternative, DOL threatened to discontinue Rachel's ongoing FECA benefits if Richard did not surrender his recovery to DOL.

The Gonzalezes seek a declaration from this Court that DOL has unconstitutionally exceeded its statutory authority by demanding payment to it of money received by Richard in settlement of his loss of consortium claim and by threatening to withhold ongoing workers' compensation benefits to Rachel Gonzalez if he does not.  The Gonzalezes exhausted all administrative remedies afforded by DOL, which culminated in a decision by the Employees Compensation Appeals Board [ECAB] of the DOL adverse to them.  In its decision, ECAB properly noted that it is powerless to consider the Gonzalezes' constitutional claims, as it must abide by the statutes and regulations of DOL.  The ECAB decision, pre-ordained by the jurisdictional limits imposed on it, set the stage for the Gonzalezes to file suit in this Court for determination of those constitutional claims.

**ARGUMENT**

**I.    SECTION 8132 IS INTENDED TO ALLOW RACHEL GONZALEZ TO UTILIZE ANY LITIGATION STRATEGY ABSENT INTERVENTION BY DOL.**

As noted in Plaintiffs' Opposition Motion, DOL has two options, embodied in § 8131 and § 8132, in obtaining reimbursement for expended funds. Section 8131 allows DOL to subrogate the claim and litigate the claim itself. Section 8132 allows DOL to become a passive lien holder and assert its interest after the employee litigates her claim. DOL opted to rely on its passive lien holder status, whereby it allowed the Gonzalezes to control their litigation, subject to DOL's lien set-off. "In the event that the beneficiary under § 8131 prosecutes his third party tortfeasor claim in his own name, § 8132 applies." In re Dixon, 132 B.R. 16, 18 (D. Ohio 1991). In asserting their passive lien holder status, DOL allows the employee to prosecute her case to the best of her abilities. See Mitchell v. Henderson, 128 F. Supp. 2d 298, 306 (D. Md. 2001) ("§ 8132 does not provide that the government will actively assist or facilitate an individual plaintiff's lawsuit."). Rachel Gonzalez, acting under § 8132 in the absence of DOL guidance, pursued her case in a manner designed to achieve success, both for herself and Richard Gonzalez, as they had two separate claims. DOL sat on the sidelines and awaited the outcome. DOL was thus provided with the cost benefit of not having to expend funds to pursue the case and to assert its lien to any recovery obtained by Rachel Gonzalez.

An analysis of the legislative history of § 8132 shows a clear pattern of encouraging employees to litigate their claims, subject to DOL's passive lien. The original enactment of § 8132 in 1916, did not provide for a percentage to be retained by the employee if she did not recover the full value of the benefits disbursed by the employer. Sept. 7, 1916, ch. 458, Sec. 27, 39 Stat. 747 (previously codified as 5 U.S.C. § 777 (1916)). The employee bore the expense of litigation and the risk that the expense would not be recouped. To encourage employees to bring suits in their own name, § 8132 was amended in 1966 to allow the beneficiary to retain one-fifth of a third party recovery in addition to attorneys' fees. See Pub. L. No. 89-488 § 10(b), 80 Stat.

252, 255 (1966). The effect was to reduce the risk of litigation to the employee, encouraging the employee to actively litigate her case.

> Indeed, the 20% bonus . . . may be seen as Congressional recognition of the need to enhance the reward of the party plaintiff to account for the increased risk borne by that party and that party alone. In short, when the injured employee takes upon himself the role of plaintiff, he undertakes a measurable risk; and it is no fortuity, no anomaly, that his compensation vary slightly depending upon his posture in a particular lawsuit.

Chouest v. A & P Boat Rentals, Inc., 472 F.2d 1026, 1035 (5th Cir. 1973).

In other words, Congress sought to make litigation by the employee more palatable and likely by providing a financial reward to carry the mantel of DOL. The increased likelihood that employees would litigate their own cases, subject to DOL's lien, provides savings to DOL. In turn, DOL surrendered the opportunity to direct the litigation. See, e.g., Rutgers Casualty Ins. Co. v. Vassas, 139 N.J. 163, 171 (N.J. 1995)(holding a subrogation clause impermissible because it "impermissibly interfered with an insured's right to manage his or her litigation."). Cf. Shackelford v. Leavengood, 532 So. 2d 1194, 1196 (La. Ct. App. 1988) (outlining the authority of the government upon subrogation: "acceptance of this assignment, the United States Postal Service shall have full and complete authority to take whatever action on this claim it considers appropriate, and may institute legal action, settle or compromise the claim or any suit, or decline to institute suit, or to take any other action"). The cases are clear: the party controlling the litigation manages the litigation, subject to the right of the subrogor to intervene. See,e.g., Vassas, 139 N.J. at 171; Leavengood, 532 So. 2d at 1196; Hausmann v. Farmers Ins. Exchange, 213 Cal. App. 2d 611, 613-614 (Cal. Ct. App. 1963).

The changes to § 8132 allowed DOL to minimize costs and still recoup its disbursed compensation. These changes supported the "primary purpose of section 8132 . . . to minimize

the cost of the FECA program to the federal government." Green v. United States Dep't of Labor, 775 F.2d 964, 969 (8th Cir. 1985), citing United States v. Lorenzetti, 467 U.S. 167 (1984). Section 8132 encourages the employee to pursue her case, while DOL passively awaits recoupment of its expenditures. It is implicit in the statutory scheme, and indeed the common law system, that the employee is empowered to pursue her strategy, so long as DOL is not prejudiced by the strategy. To avoid prejudice to DOL, the employee must notify DOL of her suit, which Rachel did religiously. If DOL had believed it was prejudiced by the actions of Rachel, it could have asserted its subrogation rights in § 8131 and taken over the litigation. See also Vassas, 139 N.J. at 169 (subrogor must keep subrogee informed of case and not harm subrogee's right to recovery). Since DOL could have intervened had it found prejudice, failure to assert its rights is considered a waiver and acquiescence to the action taken. See, e.g., In re Paul, 67 B.R. 342, 347 (Bankr. D. Mass. 1986)(holding that failure of a debt assignee to assert his rights constituted a waiver of any claim to those funds). DOL was just as willing to accept the risk of Rachel's strategy as she was. It cannot now complain.

## II. SECTIONS 10.711 and 10.712 (a)–(b) ARE UNCONSTITUTIONAL LEGISLATION BY DOL.

Sections 10.711 and 10.712 (a)-(b) are unconstitutional and improperly applied. See Gonzalez Motion for Summary Judgment Mem. at 17-18, 20-24; Gonzalez Opp. at 8-10. Furthermore, Plaintiffs note that the Secretary of Labor has discretion in setting forth regulations, and while this discretion may be "virtually limitless", it is still subject to the constitutional constraints, and regulations may not be promulgated that are in clear violation of the statutory mandate. See, e.g., Woodruff v. United States Dep't of Labor, etc., 954 F.2d 634, 639 (11th Cir. 1992). "[A] federal court may exercise jurisdiction over a final decision of the Secretary under

FECA . . . The federal courts retain jurisdiction to review charges that the Secretary violated a clear statutory mandate or prohibition, and to consider constitutional claims." Id. (citation omitted).

Richard never received funds under FECA and by arbitrarily concocting an allocation over a claim for which it has not paid any money, the Secretary is clearly appropriating funds for which it has no statutory basis. The regulations clearly fly in the face of the statutory mandate set forth in § 8132: "the beneficiary, after deducting therefrom the costs of suit and a reasonable attorney's fee, shall refund to the United States the amount of compensation paid by the United States." 5 U.S.C. § 8132. Retention of one's property from arbitrary government interference is a sacred tenet of the United States; DOL may not promulgate regulations to allow it to trespass upon Richard Gonzalez's own, personal property.

## CONCLUSION

For the above reasons, Richard and Rachel Gonzalez respectfully request the Court to grant their motion for summary judgment in this case.

Dated March 26, 2008

Respectfully submitted,

HANNON LAW GROUP, LLP


  ____/s/ J. Michael Hannon_____
J. Michael Hannon, #352526
1901 18th Street, NW
Washington, DC 20009
(202) 232-1907
Fax: (202) 232-3704
jhannon@hannonlawgroup.com
*Counsel for Plaintiffs Richard and Rachel Gonzalez*

6

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing Reply in Response to Defendants' Opposition to Plaintiff's Cross Motion for Summary Judgment was sent via electronic filing, this 26th day of March 2008, to:

    Alan Burch, Esq.
    Assistant United States Attorney
    555 4th Street, NW
    Washington, DC 20530


                                          */s/ J. Michael Hannon*
                                          J. Michael Hannon